UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WATSON PHARMACEUTICALS, INC.,
WATSON LABORATORIES, INC.,
WATSON PHARMA, INC.,

                Plaintiffs,

- against -

BAYER PHARMA AG and BAYER
HEALTHCARE PHARMACEUTICALS,
INC.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 30, 2013

**MEMORANDUM**
**OPINION & ORDER**

12 Civ. 6089 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiffs Watson Pharmaceuticals, Inc., Watson Laboratories, Inc., and Watson Pharma, Inc. (collectively, "Watson") filed this action in Supreme Court of the State of New York, New York County, alleging state law claims for malicious prosecution, unjust enrichment, and tortious interference with business relations against Defendants Bayer Pharma AG and Bayer Healthcare Pharmaceuticals, Inc. (collectively, "Bayer"). Watson's claims are based on Bayer's unsuccessful patent infringement action against Watson, which was litigated before this Court.

        Bayer removed Watson's state court action, asserting that (1) Watson's right to relief necessarily depends on resolution of a substantial question of federal patent law; and (2) this Court has supplemental jurisdiction over this action, because it involves the same nucleus of operative facts as the underlying patent litigation. Watson has moved to remand the action to state court. For the reasons stated below, Watson's remand motion will be denied.

## BACKGROUND

On April 18, 2008, Bayer filed a patent infringement suit in this Court against Watson and Sandoz, Inc. Bayer Schering Pharma AG v. Sandoz, Inc., No. 08 Civ. 3710 (PGG), Dkt. No. 1 (S.D.N.Y. Apr. 18, 2008). Bayer alleged that Watson and Sandoz's proposed marketing of generic versions of Bayer's brand-name oral contraceptive Yasmin – as outlined in Abbreviated New Drug Applications ("ANDAs") filed with the U.S. Food and Drug Administration ("FDA") – would infringe on Bayer's patent rights. Bayer Schering Pharma AG v. Sandoz, Inc., 741 F. Supp. 2d 541, 543 (S.D.N.Y. 2010).

On September 28, 2010, this Court granted Watson and Sandoz's motions for judgment on the pleadings, holding that "[u]nder well established Federal Circuit precedent, Bayer cannot state a patent infringement claim based on [Watson and Sandoz's] ANDA filings unless it can show that [Bayer's] patent claims a use for Yasmin that has been approved by the FDA under Bayer's New Drug Application ('NDA') for Yasmin." Id. This Court further found that Bayer's method-of-use patent does "not claim a use for Yasmin that has been approved by the FDA[,]" and accordingly granted Watson and Sandoz's motions for judgment on the pleadings. Id.

On April 16, 2012, the Federal Circuit affirmed this Court's ruling in a precedential opinion. Bayer Schering Pharma AG v. Lupin, Ltd., 676 F.3d 1316 (Fed. Cir. 2012). One member of the three-judge panel filed a dissenting opinion, however, concluding that "Bayer's complaint . . . states a plausible claim of infringement." Id. at 1330 (Newman, J., dissenting).

Watson and Sandoz moved for an award of attorneys' fees pursuant to 35 U.S.C. § 285, which authorizes courts to award attorneys' fees in "exceptional" patent infringement

cases.  Bayer Schering Pharma AG v. Sandoz, Inc., No. 08 Civ. 3710 (PGG), slip op. at 1-2, 5 (S.D.N.Y. Aug. 27, 2012).  On August 27, 2012, this Court denied the motion, holding that the case was not "exceptional."  In denying the motion for attorneys' fees, this Court acknowledged that, on Bayer's appeal, the Federal Circuit had issued a precedential written opinion and that one judge on the panel had filed a dissent.  Id. at 9.  This Court further noted that the Federal Circuit has stated that (1) the "issu[ance] of a' precedential written opinion . . . suggests that [the court] did not regard the case as frivolous'"; and (2) the existence of a dissenting opinion "'tends to refute' the notion that [a losing party's] litigation position was objectively baseless."  Id. (quoting iLor LLC v. Google, Inc., 631 F.3d 1372, 1376 (Fed. Cir. 2011) and Paper Converting Mach. Co. v. Magna-Graphics Corp., 788 F.2d 1536, 1537 (Fed. Cir. 1986).

On June 22, 2012, Watson filed the instant action in Supreme Court of the State of New York, New York County.  (Notice of Removal (Dkt. No. 1) Ex. A (Cmplt.))  The Complaint alleges that Bayer's patent infringement suit was baseless and was filed for the purpose of triggering an automatic 30-month statutory stay of the FDA's approval of Watson's ANDA.  (Id. ¶¶ 3-4)  Watson pleads state law causes of action for malicious prosecution, unjust enrichment, and tortious interference with business relations.  (Cmplt. ¶¶ 50-72)

On August 9, 2012, Bayer removed the action to this Court.  (Notice of Removal) In its Notice of Removal, Bayer asserts that the action "is within this Court's original jurisdiction pursuant to 28 U.S.C. §§ 1331 [and] 1338 because plaintiffs' right to relief necessarily depends on resolution of a substantial question of patent law."  (Id. ¶ 4 (internal quotation omitted)) Bayer argues that "to prove the absence of probable cause for the underlying patent infringement lawsuit – an essential element of the malicious prosecution claim – [Watson] must show proof relating to their non-infringement, which the Federal Circuit has held to be a substantial question

of patent law." (Id. (internal citation omitted)). Bayer further contends that this Court has jurisdiction over Watson's claims because they are related to Bayer's then-pending patent infringement suit.[1] (Id. ¶ 5)

On September 10, 2012, Watson filed its remand motion, arguing that this Court lacks subject matter jurisdiction.

## DISCUSSION

### I.     LEGAL STANDARD

"An action which was originally filed in state court may be removed by a defendant to federal court only if the case could have been originally filed in federal court." Hernandez v. Conriv Realty Assocs., 116 F.3d 35, 38 (2d Cir. 1997) (citing 28 U.S.C. § 1441(a)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447.

"When a party challenges the removal of an action from state court, the burden falls on the removing party 'to establish its right to a federal forum by competent proof.'" In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., No. 1:00-1898, MDL 1358(SAS), M 21-88, 2006 WL 1004725, at *2 (S.D.N.Y. Apr. 17, 2006) (quoting R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979)). On a motion for remand, a district court "must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff," In re NASDAQ Mkt. Makers Antitrust Litig., 929 F. Supp. 174, 178 (S.D.N.Y. 1996), and, "out of respect for the limited jurisdiction of the federal courts and the rights of states, [the court]

---

[1] The underlying patent infringement suit was closed on August 27, 2012, after this Court denied Watson's motion for attorneys' fees. Bayer Schering Pharma AG v. Sandoz, Inc., No. 08 Civ. 3710 (PGG), slip op. at 11 (S.D.N.Y. Aug. 27, 2012).

must resolve any doubts against removability." In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007) (internal quotation and alteration omitted).

## II.     THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1367

### A.     Supplemental Jurisdiction Exists

Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "[S]ubject matter jurisdiction in one action [may] provide supplemental jurisdiction over claims in a [separate but] related action." Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 335 (2d Cir. 2006).

"[D]isputes are part of the 'same case or controversy' within [the meaning of] §1367 when they 'derive from a common nucleus of operative fact.'" Id. (quoting Promisel v. First Am. Artificial Flowers Inc., 943 F.2d 251, 254 (2d Cir. 1991)). "In determining whether two disputes arise from a 'common nucleus of operative fact,' [the Second Circuit instructs district courts to] . . . ask[] whether 'the facts underlying the federal and state claims substantially overlap[] . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court.'" Id. (quoting Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 704 (2d Cir. 2000)).

The Second Circuit has repeatedly held that district courts have supplemental jurisdiction over state law malpractice claims and fee disputes related to an attorney's representation of a client in a suit properly brought in federal court. See, e.g., Achtman, 464 F.3d at 336 (legal malpractice action); Alderman v. Pan Am World Airways, 169 F.3d 99, 102

5

(2d Cir. 1999) (attorneys' fee dispute); Itar-Tass Russian News Agency v. Kurier, Inc., 140 F.3d 442, 445 (2d Cir.1998) (same). In each of these cases, the Second Circuit held that supplemental jurisdiction existed over the state law claims because the district court was "already familiar with the relevant facts and legal issues." Alderman, 169 F.3d at 102; see also Achtman, 464 F.3d at 336 ("The district court was thus well-placed to consider the issues that would arise in the malpractice action, . . . was intimately familiar with [the attorneys'] overall strategy . . . [and] a great deal of the record would have to be considered anew and relitigated in a state court unfamiliar with the proceedings."); Itar-Tass Russian News Agency, 140 F.3d at 445 ("The district court had obtained total familiarity with the subject matter of the suit and the professional services of the moving parties thereon and of the virtual totality of all the compensation arrangements contended for and disputed, all of which were fully disclosed on the record of the proceedings before the court."). Moreover, and contrary to Watson's argument (see Watson Reply Br. 9), these cases have application beyond the malpractice and fee dispute contexts.[2] See Megibow v. Hagen, No. 09 Civ. 10578 (AKH), 2010 WL 304541, at * 1 (applying Achtman and exercising supplemental jurisdiction over breach of contract action that shared common nucleus of fact with prior, separate action that arose under ERISA).

The rationale of these cases applies with full force here. Like legal malpractice and attorneys' fee disputes, Watson's claims are closely related to the underlying federal court patent infringement case. Watson's state law claims not only share the same nucleus of operative facts as the underlying patent suit, they arise out of Bayer's litigation of its patent

---

[2] Watson argues that Achtman did not involve removal and therefore does not support the exercise of supplemental jurisdiction here. (Watson Br. 17) Under 28 U.S.C. § 1441, however, removal is appropriate where the federal court has subject matter jurisdiction. Supplemental jurisdiction can provide a court with subject matter jurisdiction, see Achtman, 464 F.3d at 335, whether the action was removed or was originally filed in federal court.

6

infringement claims before this Court.  Accordingly, the federal patent infringement dispute and and Watson's state law claims "substantially overlap" such that this Court has supplemental jurisdiction over Watson's state law claims.[3]  Lydonville Sav. Bank & Trust, 211 F.3d at 704; see also Camillus Clean Air Coalition v. Honeywell Int'l, Inc., No. 13 Ci.v 365 (FJS) (DEP), 2013 WL 4774507, at *3 (N.D.N.Y. Sept. 4, 2013) (exercising supplemental jurisdiction and denying motion to remand where plaintiff's "state-law claims . . . are dependent upon, and inextricably intertwined with, [a] [c]onsent [d]ecree, which [the district] [c]ourt so-ordered and continues to monitor"); Megibow, 2010 WL 304541, at * 1 (exercising supplemental jurisdiction and denying motion to remand where plaintiff "allege[d] that conduct in the [f]irst [c]ase [over which the district court had federal question "arising under" jurisdiction] . . . [gave] rise to the state law breach of contract claim at issue in [the subsequent] suit").

---

[3]  Watson argues that Bayer is foreclosed from asserting that this Court has supplemental jurisdiction because it did not include any reference to 28 U.S.C. § 1367 in its Notice of Removal.  (Watson Br. 16) Pursuant to 28 U.S.C. § 1446, a notice of removal must contain "a short and plain statement of the grounds for removal. . . ." 28 U.S.C. § 1446(a).  "The petition to remove is analogous to a pleading . . . [and] [t]he modern rules of notice pleading apply with as much vigor to petitions for removal as they do to other pleadings. . . ."  White v. Wellington, 627 F.2d 582, 587 (2d Cir. 1980) (internal quotation omitted).  "Under the Federal Rules of Civil Procedure, [however,] there is no requirement that a complaint must identify the statutes upon which it is based."  Klein v. City of Norwalk, No. 05 Civ. 0467 (DJS), 2007 WL 951775, at *8 (D. Conn. Mar. 28, 2007).

In its notice of removal, Bayer pleads that "[t]he Watson [state court] Action is related to a civil case now pending in the Southern District of New York.  Specifically, all of the causes of action in the Watson Action depend on the allegation that the litigation styled as Bayer Schering Pharma AG, et al. v. Sandoz, Inc., et al., Case No. 2.08-cv-3710(PGG)(JCF), currently pending before the Hon. Paul G. Gardephe, was objectively baseless and instituted in bad faith."  (Notice of Removal ¶ 5)  These allegations are sufficient to put Watson on notice that Bayer is contending that this Court has supplemental jurisdiction over Watson's claims.

Watson further argues that this Court's exercise of supplemental jurisdiction would be "irreconcilable" with Christianson v. Colt Indus. Operating Corp., 486 U.S. 800 (1988).  Christianson only addresses "arising under" jurisdiction pursuant to Section 1338, however, and is irrelevant to supplemental jurisdiction under Section 1367.

7

### B. **<u>Supplemental Jurisdiction is Properly Exercised</u>**

Under 28 U.S.C. 1367, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim" if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. 1367(c). Here, the Court has dismissed the underlying patent infringement claim over which it had original jurisdiction, and the newly filed action raises only state law causes of action. Under such circumstances, a district court must "balance[] the traditional 'values of judicial economy, convenience, fairness, and comity' in deciding whether to exercise jurisdiction." Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

Analysis of these factors indicates that the exercise of supplemental jurisdiction is appropriate here. This Court is intimately familiar with the underlying patent infringement litigation from which the instant suit arises, having presided over the patent case for more than four years. During that time, there was significant motion practice, including Watson's motion for judgment on the pleadings and Watson's motion for attorneys' fees. Resolution of these motions required this Court to address the substance and merits of Bayer's claims, and to make a determination as to whether they were "objectively baseless." See Bayer Schering Pharma AG,

741 F. Supp. 2d 541; Bayer Schering Pharma AG, No. 08 Civ. 3710 (PGG), slip op. (S.D.N.Y. Aug. 27, 2012).

If this Court refuses to exercise supplemental jurisdiction here, these same issues will be re-litigated in state court, in front of a judge entirely unfamiliar with the parties' patent infringement dispute, and likely entirely unfamiliar with the ANDA process. Moreover, the standards for Watson's malicious prosecution claim are similar to the standards that this Court applied in rejecting Watson's claim for attorneys' fees. A right to attorneys' fees exists, in the patent infringement setting, where "the plaintiff's case . . . ha[s] no objective foundation, and the plaintiff . . . actually know[s] this." iLor LLC v. Google, Inc., 631 F.3d 1372, 1377 (Fed. Cir. 2011). The "probable cause" standard applicable to malicious prosecution cases requires a court to consider whether the defendant had "a reasonable objective belief that an offense has been or is being committed" and whether the defendant acted with "malice" – i.e., "conscious falsity." Glenn v. State, 144 Misc.2d 101, 104-05 (Ct. Cl. 1989). While the tests for liability are not identical, there is substantial overlap.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand is DENIED. The Clerk of Court is directed to terminate the motion (Dkt. No. 12).

Dated: New York, New York
September 30, 2013

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge